Gibson, J.,
delivered the opinion of the Court.
The objection to the set-off is, that the defendant acquired whatever equitable interest he now has in his judgment, after the plaintiff had assigned his interest in his verdicts to his counsel, who, being the real parties in interest, ought not, it is said, to be affected by any act or change of the original parties after the interest had vested under the assignment from the plaintiff. It is certain the equitable, is the substantial interest in a suit; and, as it constitutes the real ownership of the right to be recovered, it will be treated accordingly. It would, therefore, have been immaterial that the defendant all along remained the legal owner of the judgment he had assigned, if the equitable ownership had been entirely divested, and re-acquired after other parties had obtained such an interest in the opposite demand as the law would protect. But was that the case here ? By the assignment of the defendant and his partner, this judgment (which was the defendant’s separate property) passed it is true, not, absolutely, but on particular trusts ; and, consequently, there was a resulting trust to the assignors, which, in such cases, always remains to them according to their respective interests in the property before the assignment. After the particular trusts were either exe- • cuted or withdrawn by the assignors and the trustees, the old interests revested, or rather were revived in the respective parties justas if they had never been out of them, or modified by their acts. In truth, an assignment of this kind, by which the legal interest is unchanged, and only a por.tion of the equitable interest parted with, and that,, too, only for a special purpose, more resembles an assignment for collateral security than a conveyance of the right, and is to be esteemed such only by those who are parties to it; for after the rights of those beneficially interested are withdrawn, it does not lie with third persons to say the property was ever divested. The *452 defendant had a right to redeem his judgment by paying his creditors, or satisfying them in any other shape, and thus to restore it to all its former properties and value ; and of this right third persons cannot, bv interposing an interest, intermediately acquired, be permitted to deprive him. The counsel, when they took an assignment of the plaintiff’s verdicts, knew that the defendant’s judgment might possibly revert to him; and, having acted with their eyes open, they shall not, by interfering, strip it of any one quality, or in any respect lessen the value it would otherwise have, on the claims of the creditors being extinguished. But if the equity were even equal, (and the gentlemen who represent the plaintiff, could, in any event, claim no more) we would have to be governed by the legal title of the parties as they stand on the record, and that presents no bar to the set-off. It is, therefore, unnecessary to inquire whether the counsel could acquire any particular equity distinct from that of the plaintiff, by an assignment for a consideration then executed, the trouble of the services rendered having been already incurred ; or, indeed, whether the interest in a recompense for a tort like this, which cannot be transmitted to executors, is so purely personal to him who has suffered it, as to be incapable of passing by assignment before judgment; for, on the first point, the case is clearly with the defendant. Let the rule be made absolute.
Rule absolute.